UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANDREWS,

    Plaintiff,

v.

    Case No. 1:24-cv-752

    Hon. Hala Y. Jarbou

LEON WARD, et al.,

    Defendants.
_____/

## **OPINION**

Before the Court are numerous summary judgment motions litigating whether Plaintiff Michael Andrews exhausted his administrative remedies before initiating this Eighth Amendment action. Because the Court finds it beyond genuine dispute that Andrews did not exhaust his remedies against any Defendant, Defendants' motions will be granted.

### I.    BACKGROUND

Michael Andrews was a prisoner at the Carson City correctional facility, operated by the Michigan Department of Corrections (MDOC), when the events giving rise to this lawsuit occurred. (Compl., ECF No. 1, PageID.2.) Beginning in February 2024, Andrews repeatedly asked corrections officers to repair a power outlet in his cell that had become dislodged from the wall, but the hazard was never repaired. (*Id.*, PageID.4.) On March 26, Andrews plugged a fan into the faulty socket, and the socket erupted into an electrical fire that burned one of Andrews's hands. (*Id.*) On March 28, Andrews submitted grievance 904-17I, in which he noted that he asked corrections officers named Gregory and Ryan (the former of whom is a defendant) to summon maintenance to fix the outlet before it combusted. (MDOC Grievance Records, ECF No. 44-1,

PageID.244.) The following day, Andrews submitted another grievance (905-28A) repeating the same complaint, now referring generically to multiple corrections officers. (*Id.*, PageID.247.)

In parallel with his complaints about the prison's failure to fix his electrical outlet, Andrews sought medical treatment for his burned fingers. Andrews asserts that he sent a kite to the prison medical staff requesting treatment on March 27 but did not receive a response. (Pl.'s 3d MSJ, ECF No. 46, PageID.263.) On March 29, while Defendant Stephanie Wuest was dispensing Andrews's morning insulin dose, Andrews asked her if she would provide him with burn ointment. Dr. Wuest declined the request. Andrews filed grievance 874-28I the same day. (Wuest Grievance Records, ECF No. 11-1, PageID.61.)

Andrews's 905 grievance was rejected on April 4 as a duplicate of the 904 grievance. (*Id.*) Andrews requested a Step 2 form for the 905 grievance, but there is no record of his having filed it. (MDOC Grievance Records, PageID.249.) Grievance 904 in turn was rejected on April 18 after a sergeant determined that not repairing the outlet did not violate MDOC policy. (MDOC Grievance Records, PageID.245.) There is no evidence Andrews ever requested a Step 2 form for the 904 grievance. As for the 874 grievance, it was rejected because Andrews failed to informally resolve the issue with Dr. Wuest before grieving her. (Wuest Grievance Records, PageID.62.) The same rationale justified rejecting the 874 grievance at Steps 2 and 3. (*Id.*, PageID.60, 62.)

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant does not bear the burden of persuasion at trial, the necessary showing can be made by submitting "affirmative evidence that negates an essential element of the nonmoving party's claim," *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting), or by "pointing out" that there is no evidence supporting such an element, *id.* at 325 (majority opinion).

The nonmovant must then present "'sufficient evidence from which a jury could reasonably find' in its favor." *Davis v. Sig Sauer, Inc.*, 126 F.4th 1213, 1230 (6th Cir. 2025) (quoting *Troutman v. Louisville Metro. Dep't of Corr.*, 979 F.3d 472, 481 (6th Cir. 2020)).  When the movant does "bear[] the ultimate burden of persuasion" at trial, "a substantially higher hurdle must be surpassed," *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001); the case for the movant must be "such that every reasonable juror" would rule in their favor, *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *see Trs. of Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, LLC*, 115 F.4th 480, 488–89 (6th Cir. 2024).

These requirements apply independently when parties file cross-motions for summary judgment: just as the Court may find "that one party sufficiently demonstrated that no genuine issue of material fact existed," it may also find that "neither party met its burden . . . when all inferences were drawn, in turn, for the non-moving party." *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 593 (6th Cir. 2001).

### III.    ANALYSIS

Civil actions by prisoners alleging violations of their constitutional rights are subject to dismissal if the prisoner fails to exhaust whatever remedies their prison provides before commencing suit.  *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012).  Because exhaustion is an affirmative defense, *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015), a prison official must establish beyond dispute that the plaintiff failed to exhaust their remedies to be entitled to summary judgment, *Surles*, 678 F.3d at 455–56.

#### A.    Dr. Wuest

Dr. Wuest moved for summary judgment on the ground that Andrews failed to exhaust his administrative remedies because he did not attempt to resolve the disagreement informally before grieving her on March 29.  (Wuest MSJ 3, ECF No. 11.)  Wuest's evidence for this contention is

3

the 874 grievance itself, in which Andrews discusses a single interaction with Wuest in the insulin line on March 29.  Andrews's third summary judgment motion, which the Court construes as a response to Dr. Wuest's motion, contends that he exhausted by sending a kite to the medical staff on March 27 before speaking with Dr. Wuest on March 29.  (Pl.'s 3d MSJ, PageID.264.)  But Andrews presented no evidence that he kited the prison medical staff before requesting treatment from Dr. Wuest.  And there is no reason to think that Dr. Wuest received a kite if Andrews sent one.  Nor does Andrews suggest that he spoke with Dr. Wuest again before grieving her.  Because Andrews submitted no evidence that he attempted to resolve his dispute with Dr. Wuest informally before filing the 874 grievance, Dr. Wuest is entitled to summary judgment.

### B.   MDOC Defendants

The MDOC Defendants—all corrections officers at the Carson City facility—moved for summary judgment on the ground that Andrews did not pursue a grievance against any of them through all three steps of the prison grievance process.  (MDOC Defs.' MSJ 7–8, ECF No. 17.)

Andrews admits that he did not pursue either the 904 or the 905 grievance all the way to Step 3.  Yet he argues that he exhausted his administrative remedies because he asked for Step 2 forms from the grievance coordinator and was denied.  (Pl.'s 1st MSJ, ECF No. 41, PageID.222.)  A prisoner-plaintiff is required to exhaust only those administrative remedies that are available.  *Coopwood v. Wayne County*, 74 F.4th 416, 422 (6th Cir. 2023).  "[A]dministrative remedies are not 'available' if prison employees refuse to provide inmates with necessary grievance forms when requested."  *Lamb v. Kendrick*, 52 F.4th 286, 297 (6th Cir. 2022).  A prisoner must first show they made "affirmative efforts" to exhaust their administrative remedies to oblige prison officials to prove that those remedies were available.  *Id.* at 293 (quoting *Lee*, 789 F.3d at 677).

Andrews's contention that he was thwarted from exhausting the 904 or 905 grievances is unsupported by the record.  The MDOC Defendants presented the affidavit of grievance

4

coordinator Lisa Becher to establish that the prison never received a Step 2 request from Andrews concerning the 904 grievance. (Becher Aff. ¶ 6, ECF No. 44-1.) The MDOC Defendants also cite a copy of Andrews's request for a Step 2 form for the 905 grievance to show that Andrews was sent a form on April 19. (MDOC Grievance Records, PageID.249; *see* Becher Aff. ¶ 7.) By contrast, Andrews presents no evidence that he ever requested a Step 2 form for the 904 grievance. Nor does he provide any explanation for why he did not submit the Step 2 form for the 905 grievance after receiving it. Andrews's accusations of interference fail to establish that his affirmative efforts to follow the grievance procedures to their conclusion were "sufficient under the circumstances." *Lamb*, 52 F.4th at 294. The MDOC Defendants are entitled to summary judgment alongside Dr. Wuest.

    **C.**    **Motion to Strike Surreply**

Andrews filed a surreply (ECF No. 53) to the MDOC Defendants' reply in support of their motion (ECF No. 52). Both the MDOC Defendants and Dr. Wuest moved to strike the surreply. (ECF Nos. 54, 56.) Andrews did not ask the Court for leave to file a surreply, and he has not filed a response to Defendants' motions. The Court will therefore strike the surreply.

### IV.    CONCLUSION

Andrews failed to point to a genuine dispute of material fact over whether he exhausted his administrative remedies before filing suit. Accordingly, the Court will grant the summary judgment motions of both Dr. Wuest and the MDOC Defendants and deny Andrews's motions.

An order consistent with this Opinion shall issue.

Dated: November 14, 2025           /s/ Hala Y. Jarbou
                                                HALA Y. JARBOU
                                                CHIEF UNITED STATES DISTRICT JUDGE